Noakes v. Martin.

ALANSON NOAKES, Appellant, v. STEPHEN W. MARTIN, Appellee.

APPEAL FROM BROWN.

Where two parties claim land under the same grantor, the deeds to whom were recorded prior to the passage of the act of December 30, 1822, but were not so acknowledged as to entitle them to record:— Held, that both deeds were simultaneously recorded, and that the respective parties continued as they had previously existed, and that the oldest deed had the preference.

THIS was ejectment, brought by Martin against Noakes. Jury waived, and trial by the court.

Plaintiff gave in evidence,—

1. Patent from United States to Philip W. Hackett, dated January 3, 1818.

2. Deed from Hackett to plaintiff, bearing date December 15, 1818, and recorded February 4, 1820, in Madison county.

Possession by the defendant was admitted.

Defendant gave in evidence,—

1. Patent from United States to Philip W. Hackett, dated January 3, 1818.

2. Deed from Hackett to Romulus Riggs, dated April 22, 1818, and recorded December 30, 1821, in Pike county.

It was admitted by the counsel on both sides, that neither of the foregoing deeds was acknowledged in conformity with the laws of Illinois in force at the date of such acknowledgment, but that both deeds were executed and acknowledged, in conformity with the laws of Massachusetts, in force at the date of said deeds; both of said deeds having been executed in Massachusetts.

It was further admitted that three years before the commencement of the suit, that is in the year 1849, the defendant took possession of the premises under a contract of purchase from said Romulus Riggs, and has held possession under Riggs ever since.

It was further admitted, that said premises had always been vacant, until possession was taken under Riggs, and that all the taxes levied on the land since 1825, had been paid by Riggs and Martin, each party having paid all the taxes during each year, and producing receipts for the same from 1825 to 1852.

The court, WALKER, Judge, presiding, at October term, 1853,

of Brown Circuit Court, found the issues for the plaintiff below, Martin, and awarded him a writ of possession. Noakes appealed.

WILLIAMS and LAWRENCE, for appellant.

I. GRIMSHAW and BAILEY, for appellee.

CATON, J. Both parties claim under Hackett, as their original grantor. The deed under which the appellant claims, is the oldest in date. The junior deed was first placed upon record, and both were recorded prior to the passage of the act of December 30, 1822, but neither were properly acknowledged so as to entitle them to be recorded. Up to the time of the passage of that act, the registry of both deeds was void, and neither could claim any benefit from it. The title of neither was any better than as if his deed had never been copied into the registry books. At that time the rights of the parties depended in no respect upon the registry of the deeds, or the registry laws, but upon their deeds alone as common law conveyances. At that time there can be no doubt that the grantee, in the first deed, held the title, and must then have prevailed in an action of ejectment. That is a proposition too plain to admit of discussion, or to require authorities for its support.

The question then arises, whether the rights of the parties were changed by the passage of the act of 1822. The second section of that act, declared that deeds theretofore acknowledged conformably to the laws of the State where they were executed — as both these deeds were — and which had been recorded, should be deemed properly executed and recorded. The effect of that statute was simply to validate the registry of both these deeds from that time. In contemplation of law, both deeds were, at the passage of the act, simultaneously recorded. Before, they were not recorded. Then they were. Neither could claim a priority of record. As neither could claim any advantage from this legislative registry, because neither could claim a priority of registry, the rights of the respective parties continued as they had previously existed. At the passage of that law, the grantee in the first deed held the legal title as against the grantee in the subsequent deed, and the legislature did not, nor did they design, even admitting their power so to do, to take the title from one and give it to another. They designed not to change or affect existing rights, but those which might be subsequently acquired. They designed to make valid titles which had been previously acquired under

deeds which had been defectively acknowledged and recorded, as against deeds which might thereafter be executed and recorded. This they had an undoubted right to do, and they might have accomplished the same object by repealing all of the registry laws, when the effect of all deeds would have been left to the common law for their operation ; and the oldest must have had the preference, except where rights had been acquired under the registry laws. We are of opinion the court erred in finding the issue for the plaintiff below, and for that reason the judgment must be reversed, and the cause remanded.

*Judgment reversed.*