Peap.son, J.
 

 As wills are ambulatory, and have no opera
 
 *79
 
 tion until tlie death of the testator, it is difficult to see how the execution of a second will, which is afterwards destroyed by the ¿estator, can, in anywise, affect the validity of a will previously executed. Both are inactive during the life of the testator, and the cancellation of the second, it would seem, must necessarily leave the first to go into operation at the testator’s death. Nor is it perceived how the fact, that the second contained a clause of revocation, can alter the case; because that clause is just as inactive and inoperative as the rest of it, and so continues up to the time that the whole is cancelled. This principle is settled in the common law courts in England, in regard to devises.
 
 Goodright
 
 v.
 
 Glazier, 4
 
 Burr. 2512,
 
 Harrod
 
 v.
 
 Goodright,
 
 Cowper 92, 1 Jarman 123. But in the Ecclesiastical Courts, in regard to wills of personalty, the principle is modified to some extent, and the validity of the first will is made to depend upon the question of intention which, however, may be established by parol eiddence of declarations and other circumstances tending to show an intention to restore the first Avill.
 
 Moore
 
 v.
 
 Moore,
 
 1 Phill. 292,
 
 Ustick
 
 v.
 
 Bowden,
 
 2 Add. 125. 1 Wins. Exrs. 88. It is not necessary, however, for us to enter into the controversy, as to whether the principle giving validity to the first Avill, is absolute or modified, for, in our case, there is plenary proof as to tlie intention, Avhich has been passed on by the jury. The motive for making the second Avill Avas, because the testator thought the first was lost. As soon as it is found, he destroys the second Avill, expressly declaring that lie preferred the first, and giving directions that it should bo taken care of. There is no error.
 

 Pee Cueiam.
 

 Judgment affirmed.