# CASES

IN THE

# APPELLATE COURTS OF ILLINOIS.

## FIRST DISTRICT—OCTOBER TERM, 1878.

## MARY HOUFES

v.

## GEORGE L. SCHULTZE, ET AL.

1. STATEMENT.—The trust deed for use of appellant was executed and delivered Feb. 5, 1873, but was not recorded until April 8, 1873. The trust deed for use of appellee was executed March 26, 1873, and filed for record March 27, 1873, but was not delivered, nor was the loan evidenced thereby, actually advanced until April 8, 1873.

2. DELIVERY.—The execution and recording of the trust deed to appellee, was not a delivery in law, and there could be no delivery of it until he was willing to and did accept the same, and pay over the consideration.

3. CONCURRENT ACTS — PRESUMPTION AS TO TIME.—Appellant's deed was filed for record April 8, which was notice in law to appellee of its existence, and all facts connected with it; and on the same day appellee accepted the delivery of the deed to him, and paid over the money; acts which were necessary to give it validity and make it operative as a security. There being no fractions of a day in computation of time, the presumption of law, in the absence of proof to the contrary, is, that these were concurrent acts, and each party stands charged with notice of the equities of the other on that day, at the same moment of time.

4. SENIOR AND JUNIOR CONVEYANCES — BURDEN OF PROOF.—He who holds a junior conveyance of real estate, and claims to be a *bona fide* purchaser, and entitled to protection against a senior conveyance, takes upon himself the burden of showing that he has truly paid his money, independently of the recitals in the deed or mortgage.

5. RULE AS TO PRECEDENCE WHERE EQUITIES ARE EQUAL.—Where the

(196)

first and second mortgagees receive notice, each of the other's equities, concurrently, the equities being equal in point of merit, the oldest in point of time will prevail.

APPEAL from the Circuit Court of Cook county; the Hon. E. S. WILLIAMS, Judge, presiding.

Messrs. ROSENTHAL & PENCE, for appellant; argued, that if the agent at time of effecting the purchase, possesses *actual* knowledge of any prior lien affecting the property, no matter when he acquired such knowledge, his principal is affected thereby, and cited Dresser v. Norwood, 17 Com. Bench (N. S.) 466; Bradley v. Riches, 38 L. T. Rep. (N. S.) 810; Le. Neve v. Le. Neve, 1 Atk. 646; Hart v. Farmers' Bank, 33 Vt. 252; Dunlap v. Wilson, 32 Ill. 517; Williams v. Tatnall, 29 Ill. 553; The Distilled Spirits, 11 Wall. 356; 2 Leading Cas. Eq. *35.

Wherever confidence is reposed and accepted, the relation of principal and agent springs up: 1 Smith's Leading Cas. 369.

So far as the services of Knauer Brothers were those of brokers, they were the agents of both parties: Story on Agency, § 28.

The trust deed to Schultze took effect as security only from the time the notes and deed were delivered and accepted, and the money paid over: 1 Jones on Mortgages, § 539; Goodsell v Stinson, 7 Blackf. 439; Parker v Hill, 8 Met. 449; Jackson v. Bard, 4 Johns. 230; Jackson v. Richards, 2 Cow. 617; Foster v. Beardsley, 47 Barb. 513; Schafer v. Riley, 50 N. Y. 61; Frost v. Beekman, 1 Jones Ch. 297; Skinner v. Baker, 79 Ill. 496.

The record of a deed is only *prima facie* evidence of delivery: 1 Jones on Mortgages, § 539; Stiles v. Probst, 69 Ill. 382.

There must be delivery and *acceptance*, in order to make a mortgage of any effect: 1 Jones on Mortgages, § 84; Jackson v. Richards, 6 Cow. 619; Stiles v. Probst, 69 Ill. 382; Kingsbury v. Burnside, 58 Ill. 310; Jackson v. Bodle, 20 Johns. 184; Jackson v. Dunlap, 1 Johns. Cas. 114; Skinner v. Baker, 79 Ill. 496; Jackson v. Catlin, 2 Johns. 258; Simonds v. Catlin, 2 Caines, 61; Furness v. Williams, 11 Ill. 229.

Until a deed is delivered and accepted, it is a nullity, and

being a nullity, it is not entitled to be placed on record, but being placed on record, it cannot operate as notice: Moore v. Hunter, 1 Gilm. 317; St. John v. Conger, 40 Ill. 535; James v. Morey, 2 Cow. 310; Mesich v. Sunderland, 6 Cal. 315; Kerns v. Savage, 2 Watts, 77; Tillman v. Cowan, 12 Sm. & M. 265.

The debt is the principal, and the mortgage or trust deed the mere incident, and the *principal* not existing or having ceased to exist, the *incident* becomes a nullity: Lucas v. Harris, 20 Ill. 165; Ryan v. Dunlap, 17 Ill. 40; Witham v. Brooner, 63 Ill. 344; Lynch v. Swayne, 83 Ill., 336; Andrews v. Thayer, 30 Wis. 228; Powell v. Conant, 33 Mich. 396; Burson v. Huntington, 21 Mich. 429; Ladue v. R. R. Co. 13 Mich. 395.

The burden is upon defendant to show that he took his subsequent mortgage in *good faith*, and actually paid the money thereon before notice of the previous incumbrance: Brown v. Welch, 18 Ill. 343; Mozier v. Knox College, 32, 155; Baldwin v Sager, 70 Ill. 503; Boone v. Childs, 10 Pet. 209; Wormley v. Wormley, 8 Wheat. 449; Frost v. Beekman, 1 Johns. Ch. 300; Jewett v. Palmer, 7 Johns. Ch. 67; Thomas v. Graham, Walker's Ch. 118; 3 Washburn on Real Prop. 323; 2 Story's Eq. § 1502; 2 Leading Cas. Eq. *40; Perry on Trusts, § 221.

The record of the first mortgage prior to the payment of the money upon the second mortgage, would operate as notice so as to charge the second mortgagee, and subject him to the rights of the first mortgagee: Stone v. Welling, 14 Mich. 514; Ladue v. R. R. Co. 13 Mich. 380; Ter-Hoven v. Kerns, 2 Barr, 99; Montgomery County Appeal, 36 Pa. St. 172; Brinkerhoff v. Marvin, 5 Johns. Ch. 326; Griffin v. New Jersey Oil Co. 3 Stockt. 52; Spader v. Lawler, 17 Ohio, 371; Kramer v. Farmers' Bank, 15. Ohio, 252; Boswell v. Goodwin, 31 Conn. 74.

When two liens are obtained upon the same day, they will be considered concurrent in point of time, there being no proof which was actually first: Adams v. Dyer, 8 Johns. 349; Waterman v. Haskin, 11 Johns. 228; Hendrickson's Appeal, 24 Pa. St. 363.

Between two equities of equal merit the oldest will prevail:

Noakes v. Martin, 15 Ill. 118; Deininger v. McConnell, 41 Ill. 228; Berry v. Mutual Ins. Co. 2 Johns. Ch. 607; Brown v. Welch, 18 Ill. 343; Boone v. Chiles, 10 Pet. 209; Basset v. Nortworthy, 2 Leading Cases Eq. 18; 2 Story's Eq. § 1502.

The release of the old mortgage and making of the new to appellant, did not change existing rights, or give priority to the second mortgage: Shafer v. Williams, Ill. Sup. Ct. June T. 1878.

Messrs. Theodore & T. H. Schintz, for appellees; contending that in order to charge a principal with notice to his agent of the priority of the mortgage, the employment of the agent must have been in the character of a solicitor for purposes of advising upon that point, cited 1 Jones on Mortgages, § 587; Robinson's Law of Priority, 32; Willie v. Pollen, 32 L. R. (N. S.) 783.

Where an agent is guilty of fraud, for the carrying out of which it is necessary that he should conceal it from his principal, notice of it cannot be imputed to the latter: 1 Jones on Mortgages, § 589; *In re* European Bank, L. R. 358; Hewitt v. Loosemore, 9 Hare, 455; Hope Fire Ins. Co. v. Cambrelling, 1 Hunn, 493; Kennedy v. Green, 3 Myl. & K. 699; 1 Fischer on Mortgages, § 915; Robinson on Priority, 33.

A mortgage becomes a lien from the date of its record, and not from the date of actual advance of the money: Parmentier v. Gillespie, 9 Pa. St. 86; Moroney's Appeal, 12 Harris, 372; Nelson v. Iowa Eastern R. R. Co. 8 Am. R. R. Rep. 82; Griffin v. Bushnell, 4 Edw. Ch. 673; Crane v. Deming, 7 Conn. 386; Lyle v. Ducomb, 5 Binn. 585.

Murphy, P. J. It appears that on the fifth day of February, 1870, appellant loaned to John Nash forty-five hundred dollars ($4,500), for a period of three years, for which sum she took his promissory note, bearing interest at the rate of ten per cent. per annum, secured by an indenture of mortgage on the premises in controversy, being the same premises described in the appellant's bill of complaint, filed in this cause. That when that note and mortgage matured Nash desired the loan

extended for eighteen months, which appellant agreed to do, for the purpose of doing which it was agreed between them that new papers—that is, a new note and mortgage—should be made out in substitution for those first given. This appears to have been a short time prior to the fifth day of February, 1873, the day on which the first note would mature. It appears that Nash proposed to appellant that they go to the office of Knauer Brothers, reputed real estate and loan brokers, in the city of Chicago, for the purpose of having the papers prepared; that in pursuance of such suggestion, they did so, when Nash introduced appellant to Bruno Knauer, who was directed to prepare the papers, as had been agreed upon between appellant and said Nash, they to bear date February the fifth, 1873, on which day they were executed, the note being secured by a trust deed, with Edmund Knauer as trustee, being signed by Nash and his wife, and acknowledged before Bruno Knauer, a notary public. At the same time appellant executed and delivered to Nash a release of the old mortgage, which, on the 28th day of March, 1873, was filed for record in the recorder's office of Cook county.

It also appears that on the 26th day of March, 1873, Nash executed his promissory note to appellee, George L. Schultze, for three thousand dollars, due three years after date, with interest at the rate of ten per cent. per annum, to secure which he and his wife executed their certain other trust deed to said Edmund Knauer as trustee, on the same premises, which last mentioned trust deed was, on the 27th day of March, filed for record. It appears that for reasons hereafter to be noticed, the trust deed for the use of the appellee, Schultze, although filed for record on the 27th day of March, was not in fact delivered to the grantee, or used for the purposes therein expressed, until the 8th day of April, 1873, on which day it appears that the trust deed, first above mentioned for the use of the appellant, was filed for record in the recorder's office. It also appears that on the 21st day of January, 1878, the trust deed to Edmund Knauer, for the use of the appellee, Schultze, was foreclosed by the trustee by sale, in pursuance of its provisions, and George L. Schultze became the purchaser at

such sale, and now claims to own said premises free and clear from any incumbrance by reason of the trust deed for the use of the appellant. On the 8th day of February, 1878, appellant filed her bill in chancery, in the Circuit Court of Cook county, to foreclose the trust deed above mentioned, given to Edmund Knauer for her use, and to establish her said trust deed as a lien prior to the interest of said ·George L. Schultze. Upon the hearing of the cause, the court below decreed against her, the appellant, and dismissed her bill for want of equity. From that decree she prayed an appeal to this court, and brings the record here, and assigns for error the decree dismissing her bill for want of equity, and not entering a decree according to the prayer thereof.·

The material facts in this case are undisputed, and upon them is raised a question of law, the determination of which will dispose of the case. It being conceded that the trust deed for the use of appellant was executed and delivered on the 5th day of February, 1873, upon a valid consideration, it must be held good and valid in equity against all subsequent grants, bargains, conveyances, or liens, except as to subsequent *bona fide* purchasers and incumbrances; but not being recorded until the 8th day of April, 1873, whilst the trust deed for the use of the appellee Schultze was executed on the 26th of March, 1873, and filed for record on the 27th of the same month, to secure a loan of money thereafter to be advanced, and which was advanced by said Schultze on the said 8th day of April. The question of law which we are called upon to decide, is, which of these two trust deeds, under all the facts and circumstances of the case, is entitled to priority of lien upon the premises in controversy. As will be seen, the trust deed for the use of appellant was withheld by some one from the record, from February 5th to April 8th, and until the other trust deed for the use of Schultze, was executed on the 26th, and filed for record on the 27th day of March, and until the release of the old mortgage, executed and delivered by the appellant, to Nash, on the 5th day of February, was on the 28th day of March also duly filed for record.

As to just how, or by what means this extraordinary result

was brought about, the testimony is in conflict. Nash, strongly corroborated by the testimony of the appellant, explains and accounts for it upon the theory of a fraudulent and criminal conspiracy between the Knauer Brothers and himself, to cheat and defraud the appellant out of her priority of lien on the premises in controversy, as charged in the bill of complaint. But this the Knauer Brothers deny, and, by their testimony, attempt to exculpate themselves from guilty complicity in the matter.    This we are compelled to say, they have failed to do to our satisfaction.

There are circumstances connected with the case, and the transaction out of which it arises, apparent upon the face of their testimony, which cannot be overlooked in determining the credit which should be given to it when in conflict with the testimony of Nash, who, apparently, without interest or motive to speak other than truthful, so far as it might reflect upon the Knauer Brothers, makes a straightforward statement in giving his testimony, even involving himself as *particeps criminis*, a statement, the motives for which it is not easy to conceive, if, indeed, it was false.    But the presumption of its entire truthfulness is greatly strengthened by the corroborating testimony of the appellant, as also by several important circumstances disclosed by the record in the case.    We forbear any discussion of their testimony, for the reason that in the view we have taken of the case, it is not necessary to its determination, our object being briefly to express the impression it has made upon our minds.

It appears that when, on the 26th day of March, Schultze's trust deed was executed, and on the 27th when it was filed for record, it was not delivered to appellee Schultze, nor to any one for him, but that it was expressly agreed between Schultze and Nash that it should not be considered as between themselves as delivered, nor was it to take effect or be in force until, by an abstract of title thereafter to be obtained by Nash, it should be made to appear from the record, that the title of said Nash to said premises was good, and that the same were free and clear from all incumbrances, and that the abstract should be procured, and that the title should be approved by Obadiah

Jackson, Schultze's legal adviser. It appears that the abstract was brought down to March 31st, 1873, and that Jackson on the 5th day of April, gave his opinion, the abstract showing the release of the old mortgage by the appellant, and the trust deed to Edmund Knauer for the use of appellee, Schultze, approving the title except as to some minor objections suggested by him, which Nash procured to be perfected by the 8th day of April, 1873, on which day the trust deed was accepted by Schultze, and for the first time became effective or operative as security. The making and recording of the trust deed, the obtaining of an abstract, causing it to be approved by counsel, were all but steps in one transaction which was consummated on the 8th day of April, by the delivery and acceptance of the trust deed, and the payment of the consideration therefor by appellee, Schultze, namely: the three thousand dollars which he had agreed, on the 26th day of March, to loan to Nash, when all these conditions should have been complied with by him. That the executing and recording of the Schultze trust deed was not a delivery in law, and there could be no delivery of it until Schultze was willing to, and did accept the same, and pay over the consideration. The cases of Jackson v. Richards, 6 Cowen, 619; Stiles v. Probst, 69 Ill. 385; and Kingsbury v. Burnside, 58 Ill. 323; are full to the point and decisive of that question. Thus it appears that on the 8th day of April, the appellant's trust deed was duly filed for record, which was notice in law to Schultze of its existence, and all the facts and circumstances legally connected with it, and on that day Schultze paid over to Nash the money, and consented to accept the delivery of said trust deed, and, as we have seen, for the first time, gave to it the character of a valid and operative security. There being no fraction of days in computation of time in matters of this character, in the absence of all proof, of which event, in fact, did take place first, the presumption of law is that they were concurrent acts, and each party stands charged with notice of the equities of the other on that day, and at the same moment of time.

The rule of law we think well settled, that he who holds a junior conveyance of real estate and claims to be a *bona fide*

purchaser, and entitled to the protection of the law as against a senior conveyance, takes upon himself the burden of establishing the fact by a fair preponderance of the testimony, that he has truly paid his money, independently of the recitals in the deed or mortgage.

The burden then in this case being on the appellee Schultze, it was for him affirmatively to establish by proof that he paid over his money and accepted the trust deed prior in time to the filing of appellant's trust deed, for the appellant made out her case when she made out her equitable title. Boone v. Childs, 10 Peters, 209; Brown v. Welch, 18 Ill. 346.

Where, as we have seen in this case, the first and second mortgagees receive notice each of the other's interest concurrently, the oldest in point of time will prevail. In point of merit, the equities being equal, the rule is universal as between the two equities of equal merit, that the oldest will prevail. Noakes v. Martin, 15 Ill. 118; Dininger v. McConnell, 41 Ill. 231; Berry v. Mutual Insurance Co. 2 Johnson Ch. 607; Brown v. Welch, 18 Ill. 343; Boone v. Childs, 10 Peters, 209.

By the application of these principles to the facts in this case, the equities of the appellant being the oldest and of equal merit with that of appellee Schultze, and each having received notice of the other's interest concurrently in point of time, the equities of appellant ought to have prevailed; and in decreeing against her and dismissing her bill for want of equity, the court below erred, for which error the decree is reversed and decree entered in this court for complainant, pursuant to the prayer of said bill of complaint.

Decree reversed.