Mary Remington *vs.* Metropolitan Savings Bank of Baltimore, Jeremiah Kohler, and others.

*Codicil to Will—Curative Act.*

A by-law of a Savings Bank required that "a book shall be kept at the Bank, in which every depositor shall be at liberty to appoint some person or persons to whom, in the event of his or her absence or death, the money shall be paid, if not otherwise disposed of." W. caused to be entered in this book the name of R. under the words, "Name of person to whom, in the event of absence or death, the money shall be paid, if not otherwise disposed of," and this was witnessed by the teller and assistant book-keeper of the Bank. Held:

That this entry in the book could not be admitted as a valid codicil to the will of W., section 310 of Article 93 of the Code providing that all bequests of personal property, of any kind, shall be in writing, signed by the party so bequeathing the same, and attested and subscribed in his presence by two or more credible witnesses, or they shall be void.

The Act of 1892, ch. 167, providing "that nothing in section 310 of Article 93 of the Code, shall affect or be applicable to any will or bequest executed prior to the first day of August, 1884," does not cure the omission in the alleged codicil of W. it appearing that W. died in 1891, before the passage of the Act; and by that event the estate of the distributees became vested and absolute, and could not be divested by any subsequent legislation.

Appeal from the Orphans' Court of Baltimore City.

The case is stated in the opinion of the Court.

The cause was argued before Alvey, C. J., Bryan, Fowler, Roberts, McSherry, and Briscoe, J.

*Michael A. Mullin,* for the appellant.

Remington *vs.* Metropolitan Savings Bank, *et al.*

*J. Wilson Leakin,* (with whom was *Milton W. Audoun,* on the brief,) for the appellees.

Briscoe, J., delivered the opinion of the Court.

This appeal is from an order of the Orphans' Court of Baltimore City, refusing to admit to probate what is alleged to be a codicil to the will of Mrs. Leah Whitaker of that city. There is no contention as to the facts. Mrs. Whitaker executed a last will and testament on the 12th of April, 1877, in which she left the bulk of her estate to the appellant, Mary Remington. On the fourth of May, 1883, she made a codicil to her will, by which she made some changes in the disposition of her property. The will and codicil was each executed according to the formalities of law, and were duly admitted to probate without contest. She made no disposition of the residue of her property in her will, but left it "to descend or be distributed as provided by law." There is no dispute as to either the will or the codicil of May, 1883. The proof, however, shows that on the 20th of December, 1878, Mrs. Whitaker opened an account with the Metropolitan Savings Bank of Baltimore, and, from time to time, made certain deposits therein, and at her death there was to her credit the sum of $3938.16. The bank-book contained an entry, "that it is regarded that this account is opened subject to the by-laws printed on the first and last pages of this book." One of the by-laws reads as follows: "A book shall be kept at the bank in which every depositor shall be at liberty to appoint some person or persons to whom, in the event of his or her absence or death, the money shall be paid, if not otherwise disposed of." Mrs. Whitaker had the name of the appellant, Mary Remington, entered in this bank-book under the words, "name of person to whom, in the event of absence or death, the money shall be paid, unless otherwise disposed of," and this was witnessed

by James J. Ryan, the teller and assistant book-keeper of the bank. Mrs. Whitaker died on May 9th, 1891. And whether these entries in this bank-book constitute a codicil to her will, and whether they should have been admitted as an additional codicil is the only question in this case.

The present Code, Art. 93, sec. 310, (Act of 1884, ch. 293,) provides that all bequests of personal property, of any kind, shall be in writing, and signed by the party so devising or bequeathing the same, or by some other person for him, in his presence, and by his express direction, and shall be attested and subscribed, in the presence of the devisor, by two or more witnesses, or they shall be utterly void and of none effect. Under the original Act of 1884, all wills of personal property made prior to the first day of August, 1884, were saved from the operation of this Act; but this saving clause was omitted in the second codification of the laws, and the law left to operate as now enacted by the Code of 1888. The case of the *Trustees of the Western Maryland College vs. McKinstry, Adm'r,* 75 *Md.,* 188, is conclusive of this point.

But it is contended upon the part of the appellant, that this omission has been cured by subsequent legislation; that the Act of 1892, ch. 169, enacts: "that nothing in sections 310 and 311 of this Article (meaning Article 93 of the Code of Public General Laws, Title, 'Testamentary Law,' sub-title 'Wills,') shall affect or be applicable in anywise to any will or bequest executed prior to the first day of August, 1884." But it appears that Mrs. Whitaker died in May, 1891, before the passage of the Act of 1892, and by that event the estate of the distributees became vested and absolute, and could not be divested by any subsequent legislation, because it would divest vested rights. This principle has been so often settled by decisions of this Court that it is only

necessary to refer to some of the adjudicated cases, in support of the conclusion that we have reached in this. *Wilderman vs. The Mayor and City Council of Baltimore,* 8 *Md.,* 551; *State, use of Trustees of M. E. Church vs. Warren, et al.,* 28 *Md.,* 338; *Bramble, et al. vs. State, use of Twilley,* 41 *Md.,* 436; *Grove vs. Todd,* 41 *Md.,* 660, and *Rock Hill College vs. Jones, et al., Adm'rs,* 47 *Md.,* 18.

We shall therefore affirm the order of the Orphans' Court.

*Order affirmed.*