Elizabeth Bates, Appellant, *vs.* James Hacking, Exr., Appellee.

DECEMBER 30, 1907.

Present: Douglas, C. J., Dubois, Blodgett, Johnson, and Parkhurst, JJ.

(1) *Revocation of Will.*

A revocation of a prior will by a subsequent one takes effect only when the latter becomes effective, upon decease of testator; hence where a will was executed which contained the usual provision revoking prior wills, which last will was afterwards destroyed by testator:—

*Held,* that the prior will should be admitted to probate as the last will of testator.

Probate Appeal. Heard on exceptions of appellee, and sustained.

Dubois, J. This is a probate appeal brought to this court upon appellee's exceptions to certain rulings of the Superior Court, including the following charge to the jury directing a verdict for the appellant, viz.: "Inasmuch as it appears by undisputed testimony that after the execution of the will in issue, Peter Warren made and executed another will which contained a clause expressly revoking all wills theretofore made, which last-mentioned will was subsequently destroyed, and as there is no evidence that it was the intention of the said Peter Warren to revive the will in issue, the jury are instructed to find that the will in issue is not the last will and testament of the said Peter Warren, and to return a verdict for the appellant."

It appears from the transcript of the testimony that Peter Warren, the testator, made four wills, to wit, one in 1893, another in 1898, a third, which is the will in issue, May 10, 1900, and the fourth about May 20, 1900; that the first and third wills are still in existence, but that the second and fourth wills have been destroyed by the testator; that the second will was burned by him on May 10th, 1900, after the third will was drawn; that at the time of the execution of the fourth will the testator gave the third will to the appellee, named therein as executor and trustee, with instructions "to take

care of it;" and that subsequently the testator informed the appellee that he had destroyed the fourth will by burning the same.

The first will is not offered for probate, and needs no further consideration at the present time.

The question presented is whether the third will was revoked by the execution of the fourth will, which contained a clause expressly revoking all wills theretofore made; and the answer depends entirely upon Gen. Laws cap. 203, § 17, which reads as follows: "No will or codicil or any part thereof shall be revoked otherwise than as provided in the preceding section, or by another will or codicil executed in manner hereinbefore required, or by some writing declaring an intention to revoke the same and executed in the manner in which a will is hereinbefore required to be executed, or by burning, tearing, or otherwise destroying the same by the testator, or by some person in his presence and by his direction, with the intention of revoking the same." Section 16 concerns revocation by marriage, and has no application to this case.

The statute relating to revocation of wills is of ancient origin, and was construed by this court in *Reese* v. *Court of Probate*, 9 R. I. 434 (1870), wherein Brayton, C. J., speaking for the court, said: "The statute declares that all devises shall continue in force unless burned, etc., or unless the same be altered by some other will or codicil, or other *writing* of the devisor, signed in the presence of three or more witnesses declaring such alteration. As another writing signed by the devisor, it has the same defect as where offered as a will. It has but two witnesses, while it requires three to give it validity.

"But the cases go further, and hold that if the writing declaring the revocation be part of a will, and executed as such, though the instrument be defectively executed, so that it cannot operate as a will, the clause of revocation cannot be set up as another writing revoking any former devise. That being executed for a will, the clause is like every other declaration therein of the testator's will and intent, is ambulatory, and the whole instrument stands or falls together. *Laughton* v. *Atkins*, 1 Pick. 535; *Eccleston* v. *Speke*, Carthew, 79."

Thirty-seven years have elapsed since the rendition of the foregoing decision, during which time the statutes have undergone several revisions, but the provision relating to revocation of wills has not been substantially modified. This fact may fairly be taken as an indication of legislative satisfaction with the construction placed upon it as aforesaid. Acquiescence for more than a generation is sufficient approval.

The statutory provisions for revocation by will properly executed, or by some writing declaring an intention to revoke executed like a will, are neither identical nor interchangeable. They differ materially in that the former relates to a will while the latter does not. One looks toward the future while the other regards the present. The writing declaratory of an intention to revoke is evidence of a present intention, and when executed becomes of itself a complete revocation. But the revocation by will takes effect only when the will of which it forms a part becomes effective, and that can never be in the lifetime of the testator.

For these reasons we are constrained to hold that the Superior Court erred in directing the jury to return a verdict for the appellant.

The other exceptions need not be considered in this view of the case.

The appellee's exception is therefore sustained, and the case is remitted to the Superior Court for further proceedings, in accordance with this opinion.

*James L. Jenks, and Gardner, Pirce, & Thornley,* for appellant.

*William W. Moss,* of counsel.

*John N. Butman, and Bassett & Raymond,* for appellee.