James Rowlett *et al.* Plaintiffs in Error, *vs.* William H. Moore *et al.* Defendants in Error.

*Opinion filed December 21, 1911.*

1. Wills—*wife of executor named in a will is an incompetent witness.* The wife of the executor named in a will is not a competent subscribing witness, and if there is but one other subscribing witness the will is invalid and cannot be probated, even though the person named as executor executes a written renunciation. (*Fearn* v. *Postlethwaite,* 240 Ill. 626, adhered to.)

2. Same—*when an objection to competency of subscribing witnesses is made in apt time.* An objection to the competency of the wife of the executor as a subscribing witness is made in apt time where it is urged before she testified and at intervals during her testimony, which the court admitted subject to the objection but without ruling thereon until after her testimony was given, when the objection was sustained and the testimony stricken out.

3. Same—*amendment of 1911 to section 8 of Wills act is not retroactive.* Section 8 of the Wills act, as amended in 1911, making the husband or wife of any devisee or beneficiary competent to witness the will, cannot be given retroactive effect notwithstanding the language of the act, since to apply the act to wills which have become effective by the death of the testator before

the act took effect would be to disturb the vested rights of devisees and heirs, which attach at the time of the testator's death.

4. Same—*will invalid when testator dies cannot be validated by subsequent statute.* A will which is invalid at the time testator dies cannot be made valid by a statute passed subsequent thereto.

Writ of Error to the Circuit Court of Cook county; the Hon. E. M. Mangan, Judge, presiding.

Robert E. Pendarvis, for plaintiffs in error.

C. VanAlen Smith, (Eastman & White, of counsel,) for defendants in error.

Mr. Justice Vickers delivered the opinion of the court:

This is a writ of error sued out to review a judgment of the circuit court of Cook county refusing the probate of the last will of Levi Moore, who died testate on the third day of May, 1906. The circuit court refused to admit the will to probate for the reason that Kittie Edna Koethe, one of the subscribing witnesses, was at the time she subscribed said will as a witness the wife of Aaron C. Koethe, who was by the testator nominated as the executor of his will. The sole question presented for our consideration is the correctness of this ruling.

It appears from the record that soon after the death of the testator Aaron C. Koethe presented a petition to the probate court of Cook county and procured an order admitting said will to probate; that the executor qualified and entered upon the administration of the estate and continued to discharge the duties of executor until March, 1910, when it was discovered that the order admitting said will to probate was irregular and invalid for the reason that proper notice had not been given to three of the heirs-at-law of the testator. On March 15, 1910, Aaron C. Koethe presented a second petition to the probate court asking that the former order admitting said will to probate be set aside.

On March 21 an order was entered in the probate court vacating and setting aside the probate of the will which had been entered on July 30, 1906. Thereupon plaintiff in error Charlotte Ann Rowlett, as an heir-at-law of the testator and one of the devisees under his will, presented her petition to the probate court asking that said will be admitted to probate, and with said petition presented the written renunciation of Aaron C. Koethe, nominated in said instrument as executor. Defendants in error appeared in the probate court and filed objections to the probate of said instrument, and specified in said objections the incompetency of Kittie Edna Koethe as one of the reasons why the instrument should be denied probate. A hearing in the probate court resulted in an order refusing to admit said instrument to probate, from which plaintiffs in error appealed to the circuit court, where another hearing was had with the same result, and it is the judgment of the circuit court refusing probate to said will that is brought into review by this writ of error.

The first and most important question presented by this record is the competency of the wife of the executor named in such will, as a witness to the due execution thereof. In the late case of *Fearn* v. *Postlethwaite*, 240 Ill. 626, the precise question here involved was presented and decided. The *Postlethwaite case* cannot be distinguished from the case at bar. There, as here, the only question before the court was whether the wife of the executor nominated in the will was a competent witness to the execution of the will, and upon a full review of the authorities the conclusion was reached that a will attested by the wife of the executor was not well executed where there was only one other witness thereto. We do not see how a re-examination of this question at this time could be of the least possible benefit either to the parties immediately concerned or to the legal profession. There is nothing presented in the case at bar that tends to weaken our confidence in the correct-

ness of our former decision. We could not hold that Mrs. Koethe is a competent witness to the will in this case without overruling the *Postlethwaite case.*

Plaintiffs in error contend that even if Mrs. Koethe was an incompetent witness the question is not properly preserved for our review. The contention on this point is that the objection to her competency was not made in apt time. The defendants in error have filed a supplemental abstract, which shows that objection was made in the court below to the testimony of Mrs. Koethe on the ground that she was incompetent for the reason that she was the wife of the executor at the time she subscribed to the will. The relationship of the witness to the executor had been brought out by the testimony of Miss Putzier. The court, however, was not disposed to rule on the objection but heard all of Mrs. Koethe's testimony subject to the objection made, which was repeated by counsel several times while she was on the stand. Counsel for defendants in error insisted on the objection and stated to the court that they did not want to be understood as waiving anything, and the court indicated to counsel that the objections would be properly preserved. Afterwards the objections were sustained by the court and all of the evidence of Mrs. Koethe was stricken out. We do not see how, under the facts shown by the supplemental abstract, counsel for the defendants in error could have been more persistent and diligent in protecting the rights of their clients than they were, without placing themselves in an antagonistic position to the trial court. The question of the competency of this witness is properly preserved for review by the objections and exceptions of plaintiffs in error to the ruling of the court in striking her testimony out of the record.

In May, 1911, the legislature passed an act amending section 8 of the Wills statute so as to make the husband or wife of any devisee or beneficiary under the will competent to witness such will, and providing that such will shall be

valid as to all devises or interests other than the devise or interest given to the husband or wife of such subscribing witness. To said amendatory act a provision is added, as follows: "This act being remedial in character shall be construed liberally and shall apply to cases arising on wills of persons deceased, prior to the adoption of this act, but not finally adjudicated." (Laws of 1911, p. 538.) Plaintiffs in error contend that this act should be applied to the will now under consideration, notwithstanding the will was made and the testator died several years before the act became effective. This contention cannot be sustained. Upon the death of a testator property rights become fixed. If he leaves a valid will the title of the legatees and devisees becomes a vested right, and if the will is invalid his property passes, under the statute, to his heirs by descent and their title becomes vested. The legislature cannot, therefore, affect the validity of wills executed by testators who have died before the statute takes effect. A will that is invalid when the testator dies cannot be made valid by a statute passed subsequent thereto. (*Remington* v. *Bank,* 76 Md. 546; 25 Atl. Rep. 666; Page on Wills, sec. 22.) The moment the testator or intestate dies the rights of the devisees or heirs attach, for the title is then already vested, and no change in the law thereafter made can disturb such vested rights. (*Sturgis* v. *Ewing,* 18 Ill. 176.) The same doctrine is held in many other cases. (*Noakes* v. *Martin,* 15 Ill. 118; *McDaniel* v. *Correll,* 19 id. 226; *Deininger* v. *McConnel,* 41 id. 227.) To construe the act in question so as to give it a retroactive effect would, in effect, be to recognize the power of the legislature to deprive persons of property rights without due process of law, which the constitution forbids.

There being no error in this record the judgment of the circuit court of Cook county is affirmed.

*Judgment affirmed.*