WILLIAM H. MOORE *et al.* Appellees, *vs.* SUSAN ANN
ROWLETT *et al.* Appellants.

*Opinion filed June 24, 1915—Rehearing denied October 7, 1915.*

1. WILLS—*what instrument will not revoke former will.* Under section 17 of the Statute of Wills a former will can be revoked only by a subsequent duly executed will declaring a revocation of all former wills, and not by a subsequent instrument in writing not testamentary in character declaring such revocation. (*Stetson* v. *Stetson,* 200 Ill. 601, followed.)

2. SAME—*destruction of subsequent will revives former will.* As a will is ambulatory, inoperative, ineffectual and without legal existence until the death of the testator, the destruction of a subsequent duly executed will containing a revocatory clause expressly revoking all former wills will revive such former will.

3. SAME—*common law rule as to revocation of will is in force in this State.* The common law rule by which a former will is revived and restored by the destruction of a later one, wholly independent of the intention of the testator in destroying such later instrument, is in force in this State.

4. SAME—*revocation clause is ambulatory with the rest of the will.* A will is executed as a whole and is not to be operative until the death of the testator, and the revocation clause, like every other declaration of the testator's will and intent therein, is ambulatory, and must stand or fall with the other provisions of the instrument.

5. SAME—*will not revoked by a subsequent will which is defectively executed.* If an instrument intended as a will and containing a clause revoking a former will is so defectively executed that it is not entitled to probate, the instrument is not a will within the meaning of section 17 of the Statute of Wills and the former will is not revoked.

APPEAL from the Circuit Court of Cook county; the
Hon. THOMAS G. WINDES, Judge, presiding.

ROBERT E. PENDARVIS, and ROBERT N. HOLT, for appellants.

EASTMAN & WHITE, and C. VANALEN SMITH, for appellees.

Mr. JUSTICE CRAIG delivered the opinion of the court:

Appellees filed their bill in the circuit court of Cook county against appellants to contest the validity of an instrument admitted to probate in the probate court of that county as the last will and testament of Levi Moore, deceased. The grounds for the contest alleged in the bill were that the testator was not of sound and disposing mind and memory and that the will was the result of undue influence exercised over him by appellants. By a subsequent amended bill the further charge was made that by a later instrument in writing, executed by the testator as his last will and testament in the presence of two witnesses, he revoked the will in question. Appellants answered, admitting the death of Moore, the making of the will and codicil in question, their admission to probate and the appointment of John J. Lovett as executor, but denied the testator was of unsound mind and memory, that any undue influence was exercised over him by appellants or that the will and codicil in question were revoked by the later instrument. The answer further alleged that appellees were estopped from now raising this question by reason of their having had notice of the application to probate the will and codicil in question and their participation in such proceedings·without raising the question now raised, and that a court of chancery had no jurisdiction of the question involved. The cause was tried before the court without a jury on a stipulation of facts, by which all questions of fraud, undue influence and incapacity to make a will were eliminated. It was agreed that the testator executed an instrument on March 20, 1900, as his last will and testament, (the will in question,) and on August 21, 1902, added thereto a codicil, and later, on December 12, 1903, executed another instrument in writing, in the presence of two witnesses, as his last will and testament, containing a clause expressly revoking all prior wills; that this later instrument was admitted to probate as his last will and testament, and that the order admitting

it to probate was subsequently vacated for want of statutory notice to all the heirs; that upon the second application probate was denied by reason of its defective execution, one of the witnesses not being a credible witness; that upon appeal to this court the order so denying probate was affirmed in *Rowlett* v. *Moore,* 252 Ill. 436; that thereupon the will of March 20, 1900, and codicil of August 21, 1902, were admitted to probate as the last will and testament of Levi Moore, deceased, and Lovett was appointed executor thereof, the parties saving to themselves all questions as to the competency, relevancy and admissibility of such evidence. At the conclusion of the hearing the court held the instrument of December 12, 1903, admissible and competent evidence as a revocatory instrument, and held that it worked a revocation of the former will of March 20, 1900, and codicil thereto, and entered a decree setting aside the order admitting the will of March 20, 1900, to probate as the last will and testament of the deceased. From this decree appellants have prosecuted their appeal to this court.

The principal question involved, and the only one we deem it necessary to consider, is the sufficiency of the later instrument to operate as a revocation of the former will and codicil. Appellants contend that under our statute a will can be revoked only by a later will duly executed and admitted to probate in the manner provided by law, while appellees contend that a former will may be revoked by any instrument in writing declaring such intention, executed in the presence of two witnesses, whether the same be in the form of another will defectively executed, or otherwise.

The manner in which a will may be revoked by the act of the testator is provided in section 17 of the Statute of Wills, (Hurd's Stat. 1913, p. 2491,) which is as follows: "No will, testament or codicil shall be revoked, otherwise than by burning, canceling, tearing or obliterating the same, by the testator himself, or in his presence, by his direction and consent, or by some other will, testament or codicil in

writing, declaring the same, signed by the testator or testatrix, in the presence of two or more witnesses, and by them attested in his or her presence; and no words spoken shall revoke or annul any will, testament or codicil in writing, executed as aforesaid, in due form of law." This section was before this court in *Stetson* v. *Stetson,* 200 Ill. 601, where it was held that a former will could only be revoked by a subsequent will declaring a revocation of all former wills, and not by a subsequent instrument in writing not testamentary in character declaring such revocation, and that as a will was ambulatory, inoperative, ineffectual and without legal existence until the death of the testator, the destruction of a subsequent duly executed will containing a revocatory clause expressly revoking all former wills would revive such former will.

Appellees attempt to distinguish this case from the *Stetson case* because in that case the later will was not found and no explanation was made of its loss from which it might be presumed that it was destroyed by the testator with the intention of reviving his former will, while in this case both instruments were preserved by the testator until his death, thus negativing any presumption of intention to revive the former will by the destruction of the later will. The decision, however, in the *Stetson case* was not based upon any presumption as to the intention of the testator, but, on the contrary, it was there expressly held that the common law rule was in force in this State, by which a former will is revived and restored by the destruction of the later one, wholly independent of the intention of the testator in destroying such later instrument, although a different rule prevailed in the ecclesiastical courts, which followed the civil law, under which it was held that the question of revivor by a destruction of a later will is a matter of intention, to be determined from a consideration of all of the facts and circumstances attending the destruction of the later instrument. The decision in the *Stetson case* was

not based upon the question of the testator's intention, but, on the contrary, was based solely upon the positive rules of the common law and the language of section 17 of our Statute of Wills.

In the *Stetson case* it was admitted that the second will contained a clause revoking all former wills, and the court stated the propositions presented to it for decision as follows: "If the second will made by Jesse Stetson contained an express clause of revocation, did such clause operate at once and of its own force to immediately revoke and annul the first will, made on December 3, 1897, and did the loss or destruction of the second will containing such clause of revocation, even though such loss or destruction was the act of the testator himself, operate to revive the former will dated December 3, 1897?" In disposing of the two propositions presented for decision it was necessary for the court to first determine the effect of the execution of the later will with the clause revoking all former wills before proceeding to a determination of the effect of the destruction of such instrument on the former will executed by the testator, for if the mere execution of the subsequent instrument *ipso facto* worked a revocation and cancellation of all former wills, its destruction could not have been effective to revive such former will, as the act of revocation would have been completed and consummated when the instrument was executed and would have operated instantaneously to absolutely revoke such former will. (*In re Noon,* 115 Wis. 299; *Bates* v. *Hacking,* 28 R. I. 523; 14 L. R. A. [N. S.] 934; *Blackett* v. *Zeigler,* 153 Iowa, 344; 37 L. R. A. [N. S.] 291.) And in determining the effect of the execution of such subsequent will under our statute the court said, on page 612: "It being established, then, that under section 17 of the Illinois Statute of Wills a former will can only be revoked by a subsequent will declaring the revocation of all former wills, and not by a subsequent instrument in writing not testamentary in character which declares the

revocation of the former will, it cannot be said that in this State the destruction of a duly executed will containing an express revocation of a former will does not have the effect of reviving the former will." The rule announced in the *Stetson case* has been followed in several, if not all, of the jurisdictions where the common law rule is in force. *Bates* v. *Hacking, supra.*

In 40 Cyc. 1177, the author says: "If the instrument propounded as a revocation be in form a will, it must be perfect as such and be subscribed and attested as is required by the statute. An instrument intended to be·a will, but failing of its effect as such on account of some imperfection in its structure or for want of due execution, cannot be set up for the purpose of revoking a former will." The reason for this is that the instrument is executed as a whole and is not to be operative until the death of the testator, and the revocation clause, like every other declaration of the testator's will and intent therein, is ambulatory, and must stand or fall with the other provisions of the instrument. (*Loughton* v. *Atkins,* 1 Pick. 535; *Eccleston* v. *Petty,* Carth. 78.) In *Bates* v. *Hacking, supra,* the court said: "The statutory provisions for revocation by will properly executed or by some writing declaring an intention to revoke, executed like a will, are neither identical nor interchangeable. They differ materially, in that the former relates to a will while the latter does not. One looks toward the future while the other regards the present. The writing declaratory of an intention to revoke is evidence of a present intention, and when executed becomes, of itself, a complete revocation, but the revocation by will takes effect only when the will of which it forms a part becomes effective, and that can never be in the lifetime of the testator."

In this State the legislature has provided several ways by which a former will may be revoked by the act of the testator, and in such provision has provided that when the revocation is attempted by another instrument it must be

"by some other will, testament or codicil in writing, declaring the same," etc. This language is clear, plain and unambiguous, and in the *Stetson case, supra,* was held to mean what it plainly says. A further reconsideration of the matter leads us but to re-affirm what we there said.

For the reasons given, the decree of the circuit court will be reversed and the cause remanded, with directions to dismiss the bill.

*Reversed and remanded, with directions.*