IN RE ESTATE OF MARY E. TIBBETTS, DECEASED.
CUSHMAN B. TIBBETTS v. THOMAS I. GARRETT AS
EXECUTOR.[1]

July 21, 1922.

No. 22,895.

**First will reinstated by destruction of second will.**

Where a testator executed a will, and subsequently executed a second will revoking the first, and thereafter destroyed the second will for the express purpose of continuing the first in force, the first remained in force and was properly admitted to probate.

The last will and testament of Mary E. Tibbetts, deceased, was admitted to probate in the probate court for Fillmore county, Michener, J. From the order admitting the will to probate, Cushman B. Tibbetts, who had filed objections to the allowance of the will by the probate court, appealed to the district court for that county. The appeal was heard by Meighen, J., who affirmed the order of the probate court. From an order denying his motion for a new trial, Cushman B. Tibbetts appealed. Affirmed.

*Elsie H. Latimer* and *Thomas E. Latimer*, for appellant.

*Hopp & Larson*, for respondent.

TAYLOR, C.

In 1915 Mary E. Tibbetts executed a will in due form. In 1918 she executed a second will in due form which contained a clause revoking all prior wills. In 1920, for the purpose of revoking the second will and leaving the first will in force, she burned the second will in the presence of two disinterested witnesses whom she called in to witness its destruction and to whom she declared her purpose in destroying it. She died in February, 1921, and thereafter the first will was duly admitted to probate by the probate court. On appeal the will was also sustained by the district court. A further

[1]Reported in 189 N. W. 401.

appeal brings before this court the question whether the first will remained in force and effect after the destruction of the second, or whether the revoking clause in the second operated to annul the first, notwithstanding the fact that the second had been deliberately and intentionally destroyed for the purpose of having the first remain operative.

The question presented has not been passed upon by this court, but has frequently been considered by other courts with divers results.

Where the second will contains a clause expressly revoking former wills one group of cases holds that the execution of the second will operates as a present revocation of the first, and that the subsequent destruction of the second does not revive the first. Among the cases supporting this rule are: Cheever v. North, 106 Mich. 390, 64 N. W. 455, 37 L. R. A. 561, 58 Am. St. 499; In re Noon's Will, 115 Wis. 299, 91 N. W. 670, 95 Am. St. 944; Howes v. Nicholas, 72 Tex. 481, 10 S. W. 558, 2 L. R. A. 863; Harwell v. Lively, 30 Ga. 315, 76 Am. Dec. 649.

But the better reason and the weight of authority, except where the effect of the execution and subsequent destruction of a revoking will is expressly prescribed by statute, support the rule that where the testator destroys the revoking will for the purpose of reinstating a former will, the former will remains in full force and effect. One group of cases holds that, as a will is ambulatory and does not take effect until the death of the testator, where the testator destroys the revoking will in his lifetime it never goes into effect for any purpose, and that the prior will remains of the same force and effect as if the revoking will had never existed. The reasons for this rule are forcefully set forth by the Rhode Island court in the opinion on rehearing in Bates v. Hacking, 28 R. I. 523, 68 Atl. 622, 14 L. R. A. (N. S.) 937, 125 Am. St. 759. This opinion contains an exhaustive discussion of the authorities. Other cases supporting this rule are: Moore v. Rowlett, 269 Ill. 88, 109 N. E. 682, L. R. A. 1916C, 89, Ann. Cas. 1916E, 718; Flintham v. Bradford, 10 Pa. St. 82; Marsh v. Marsh, 48 N. C. 77, 64 Am. Dec. 598; Randall

v. Beatty, 31 N. J. 643; Dawson v. Smith, 3 Houst. (Del.) 92; Taylor v. Taylor, 2 Nott & M. (S. C.) 482.

Another group of cases supports the rule that the fact that the testator destroyed the revoking will and did not destroy the prior will is prima facie evidence that he intended that the prior will should remain in force, but that this is merely a presumption which may be rebutted. Colvin v. Warford, 20 Md. 357, 393; McClure v. McClure, 86 Tenn. 173, 6 S. W. 44; Peck's Appeal, 50 Conn. 562, 47 Am. Rep. 685.

Another group of cases supports the rule that the intention with which the testator destroyed the revoking will determines whether the prior will remains in force; that his intention is to be deduced from all the evidence; and that the act of destroying the revoking will creates no presumption either way. Among these cases are: Williams v. Miles, 68 Neb. 463, 94 N. W. 705, 96 N. W. 151, 62 L. R. A. 383, 110 Am. St. 431; 4 Ann. Cas. 306; Blackett v. Ziegler, 153 Iowa, 344, 133 N. W. 901, 37 L. R. A. (N. S.) 291, Ann. Cas. 1913E, 115; Pickens v. Davis, 134 Mass. 252, 45 Am. Rep. 322; In re Gould's Will, 72 Vt. 316, 47 Atl. 1082. These cases contain an exhaustive review of the authorities which support the varying rules. In the Gould case the Vermont court said [at page 319]:

"The weight of authority in this country is clearly in support of the rule that a republication is not necessary to revive a will that has been revoked by a subsequent one that has itself been revoked, even though the subsequent will revokes the prior one in express terms; that the prior will is not annulled by such revocation, for the reason that such revocation does not take effect until the will itself which contains the revocation becomes operative by the death of the testator; that until that event the revocation is ambulatory; that by the second will the testator merely declares his intention to revoke the first; that he may change his intention at any time; that if, after his death, it appears that the revoking will has itself been destroyed, then the intention to revoke never goes into effect. The authorities differ upon the questions whether the prior will is revived by the mere act of destroying the revoking will, whether that act raises a

presumption in favor of the validity of the prior will, making a prima facie case for its proponents without affirmative evidence of the testator's intention; or whether the question as to his intention, upon his destruction of the revoking will, to die intestate, or to have his estate distributed under the provisions of the first will, is to be determined by all the facts and circumstances in the case."

We are unable to accept the view of those courts which hold that the execution of a subsequent will containing a revocatory clause operates as a present and conclusive revocation of a prior will. Which of the other rules mentioned should be adopted we need not determine at this time, as the facts of the present case bring it within all of them. The revoking will was destroyed with some formality in the presence of witnesses for the express purpose of continuing the prior will in force, and we are clearly of opinion that the lower courts ruled correctly in admitting the existing will to probate. The order denying a new trial is affirmed.