THE TRUSTEES OF THE WESTERN MARYLAND COLLEGE *vs.* MORDECAI C. McKINSTRY, Administrator of MARY M. McKINSTRY.

*Paper writing Intended as a Will—Validity—Sec. 310 of Art. 93 of the Code.*

A decedent left a Bible, on the last leaf of which was written in her hand-writing, and signed by her, the following: $5,000 for West. Md. College; $1,000 of it to be given to the Theologi-

cal Seminary; $1,000 to Ward Hall. The $3,000 to be given to the main college." This writing was offered for probate as a testamentary paper by the trustees of the college, and a *caveat* was filed thereto by the administrator of the deceased. HELD:

That the paper was not entitled to be admitted to probate as a valid will of personal property, section 310 of Article 93 of the Code, requiring all bequests of personal property to be in writing, signed by the testator, or by some other person for him, and attested and subscribed in the presence of the testator by two or more credible witnesses.

APPEAL from the Orphans' Court of Carroll County.

The case is stated in the opinion of the Court.

The cause was argued before ALVEY, C. J., MILLER, ROBINSON, IRVING, BRYAN, FOWLER, and McSHERRY, J.

*Thomas A. Murray,* for the appellant.

*W. H. Thomas,* (with whom was *Charles B. Roberts,* on the brief,) for the appellee.

McSHERRY, J., delivered the opinion of the Court.

Mary M. McKinstry died on the twenty-eighth of December, eighteen hundred and ninety, and on the thirteenth of January following letters of administration upon her estate were committed to her brother, Mordecai C. McKinstry. On the twenty-fifth of the succeeding March the administrator brought into and filed in the Orphans' Court of Carroll County a Bible which had belonged to the decedent; and upon the last leaf in the back thereof there was written, in the hand-writing of the deceased, the following: "$5,000 for West. Md. College; $1,000 of it to be given to the Theological Seminary, $1,000 to Ward Hall. The $3,000 to be given to the main college. July 18, 1883. Mamie McKinstry." Subsequently the Trustees of Western Maryland College,

a body corporate, filed a petition in the Orphans' Court offering the above recited writing for probate as a testamentary paper; but Mordecai C. McKinstry, in his capacity as administrator, filed a *caveat* against the probate thereof. Some evidence was taken, and an agreed statement of facts was drawn up and signed, and finally, after a hearing, the Orphans' Court refused to admit the paper to probate. From this order the present appeal was taken by the Trustees of Western Maryland College. The only question which we are called upon to decide is whether the paper is entitled to be admitted to probate as a valid will of personal property.

When the case was argued before us we were all of opinion that the paper was entitled to be admitted to probate, and we were of that opinion because prior to the adoption of the Act of 1884, ch. 293, no more formality was required in the execution of a will disposing of personal property than Miss McKinstry observed in this instance, and we were under the impression that the second section of that statute, expressly saving from the operation of the Act itself all wills bequeathing only personal estate, and executed prior to the first day of August, eighteen hundred and eighty-four, was still the law of Maryland. The Act just alluded to required that all wills disposing of personal estate, in order to be valid must be in writing, signed by the party or by some other person for him, and attested and subscribed in the presence of the said testator by two or more credible witnesses. The second section declared "that this Act shall not affect or be applicable in anywise to any will or bequest executed prior to the first day of August, 1884."

Without pausing to advert to the many adjudged cases decided by this Court, it is sufficient to say that, if the statute law of Maryland had stood at the date of the death of Miss McKinstry as it did stand before and for more than five years after the execution of her will, that

paper would have been admitted to probate as a valid
will of personal property.   We are fully satisfied she
intended it to be operative.   We are equally certain its
rejection will flatly and deliberately frustrate her benev-
olent designs.   But in the recent codification of the laws
the second section of the *Act of* 1884, *ch.* 293, which
carefully and liberally protected from the operation of
that Act all wills relating to personal property made
prior to August first, 1884, was omitted, and is conse-
quently no longer the law of the land.   As Miss McKins-
try died after the Code went into effect, and as the saving
clause or second section is no longer in force, the provi-
sions of the statute as now incorporated in *secs.* 310 *and*
311 *of Art.* 93 *of the Code,* imperatively compel us—as
much as we regret it—to affirm the order appealed from,
and thus defeat the plain and perfectly manifest inten-
tion of Miss McKinstry.

By this omission from the Code a result has been
brought about the very reverse of that contemplated by
the Legislature which passed the Act of 1884, but the
Courts are utterly powerless to afford relief.

> *Order affirmed, the costs to be paid out*
> *of the estate of Mary M. McKinstry.*

(Decided 28th January, 1892.)