## CAROLINE RICHARDSON vs. ELIZA A. SMITH, Administratrix of SAMUEL RICHARDSON.

*Issues from the Orphans' Court—Legitimacy.*

A petition in the Orphans' Court asked for the issue: Whether the petitioner, Carrie Richardson, is the sister of Samuel Richardson, deceased.    The issues as granted were: (1.) Is Caroline Richardson, otherwise called Caroline Parsons, the daughter born in wedlock of William Richardson and Isabella Parsons; and if yea, when and where was the said Caroline born?    (2.) Is Caroline Richardson, otherwise called Caroline Parsons, the daughter born out of wedlock of William Richardson and Isabella Parsons; and if yea, did the said William and Isabella, after the birth of Caroline, intermarry, and did the said William, after said marriage, if any, acknowledge the said Caroline to be his child by the said Isabella?    *Held*, that these issues were improperly framed, and that the issue asked for in the petition should have been granted.

Appeal from the Orphans' Court of Baltimore County.

The case is stated in the opinion of the Court.

The cause was argued before ROBINSON, C. J., BRYAN, McSHERRY, FOWLER, BRISCOE, PAGE, ROBERTS and BOYD, JJ.

*Charles E. Hill,* (with whom was *Frederick P. Ross,* on the brief), for the appellant.

*William Colton* and *W. Hall Harris* (with whom was *George R. Willis,* on the brief), for the appellee.

BRYAN, J., delivered the opinion of the Court.

This appeal is taken from an order of the Orphans' Court of Baltimore County, which refused to grant an issue prayed on the part of the appellant, and instead thereof granted two others prayed on the part of the appellees. Caroline or Carrie Richardson filed a petition containing the following statement: " That she is a sister of Samuel Richardson, late of Baltimore County, deceased, who died unmarried and intestate, leaving no father, mother, brother, nor any other sister him surviving ; and that she is entitled to letters of administration upon his estate in preference to any other person ; but without notice to your petitioner application has been made and letters of administration granted by this Honorable Court to Eliza A. Smith, an aunt of the deceased." The petition prayed a revocation of the letters of administration and general relief. Eliza Smith answered the petition and admitted the grant of letters to her, and that she was an aunt of the decedent. She denied the petitioner's right to letters, and averred that she was fully aware of the application for them and the grant of them to the respondent. She also made this statement in her answer: " That she admits the death, intestate, of said decedent, and that he left him surviving neither parent, brother or sister, or descendant, but she denies that there ever was any other offspring than said decedent of any marriage of his father, William Richardson, late of said Baltimore County, deceased, or of any marriage of his mother, Lucy Richardson, also late of said county,

deceased." This is an argumentative denial that the peti tioner is a sister of the decedent. Of course, in considering this traverse we have no reference to the exceptional cases of the rights conferred on illegitimate children by the one hundred and thirty-fourth section of Article ninety-three of the Code. There is no averment of illegitimacy either in the petition or answer, and it would be irrelevant to con- sider it. It is not questioned by either party that it was proper to determine by appropriate proceedings the peti- tioner's claim of relationship to the decedent, before con- sidering the question whether there had been a forfeiture of the right of administration. The propriety of such a course is established by *Reilly* v. *Dougherty*, 60 Md. 276. The appellant asked the Court to send this issue to a jury, to wit: " Whether the petitioner, Carrie Richardson, is the sister of Samuel Richardson, deceased." This was the point of controversy between the parties. It was the matter affirmed on one side and denied on the other. The ques- tion was presented clearly, distinctly, perspicuously and ac- curately. The form in which it was expressed agrees with Lord Coke's definition of an issue, which he declares to be " a single certain and material point issuing out of the alle- gations of the plaintiff and defendant." We think that this issue ought to have been granted been granted by the Orphans' Court. They, however, refused it and granted two others.

The first one is as follows: "Is Caroline Richardson, otherwise called Caroline Parsons, the daughter, born in wedlock, of William Richardson, late of Baltimore County, deceased, and Isabella Parsons ; and if yea, when and where was the said Caroline born?" By this issue the jury are required to find whether the petitioner is the legitimate daughter of Isabella Parsons. Neither the petition nor the answer makes any reference to Isabella Parsons ; she is not in any way mentioned. It seems to have been the principal object of the issue to present the question whether the pe- titioner was the legitimate daughter of Wm. Richardson,

. who is stated in the answer to have been the father of the decedent; but it improperly connects with this question an inquiry about Isabella Parsons, concerning whom the pleadings are silent. It also contains an irrelevant inquiry about the time and place of the birth of the petitioner. In many instances it is impossible to establish these facts by competent testimony, although the legitimacy may be fully proved. The birth may have taken place in a foreign country and at a remote period, and all evidence of time and place may have been lost, or may be inaccessible; while the evidence of the legitimacy may be amply sufficient. For instance, where parents living together as husband and wife, and so declaring themselves and generally reputed so to be, have brought up a child as their legitimate offspring and have always acknowledged him as such, their declarations would be competent evidence after their death to prove his legitimacy, and it would not be necessary to prove the time and place of his birth. The second issue granted by the Orphans' Court is as follows: "Is Caroline Richardson, otherwise called Caroline Parsons, the daughter, born out of wedlock, of William Richardson, late of Baltimore County, deceased, and Isabella Parsons; and if yea, did the said William Richardson and the said Isabella Parsons, after the birth of the said Caroline, intermarry, and did the said William, after the said marriage, if any, acknowledge the said Caroline to be his child by the said Isabella?" This issue presents the question whether the petitioner was the illegitimate daughter of Isabella Parsons and William Richardson, and whether she was afterwards legitimated. The objections to the first issue apply to this one. Both of them are comprehended in the issue proposed in behalf of the petitioner. That required the jury to find whether the petitioner was the sister of the decedent, that is to say, his legitimate sister. It made no difference whether she was sister of the whole or the half blood. Art. 93, section 24 of the Code. If it should appear in evidence that the petitioner was born out of wedlock, it would be necessary for her to prove the

subsequent intermarriage of her parents, and her acknowl-. edgement by her father as his child. This intermarriage and acknowledgment would establish her legitimacy. Art. 46, section 29 of the Code. The Court before which the issue is to be tried will, of course, give the jury the proper instructions to enable them to find a verdict intelligently.

There was error in refusing the issue proposed by the petitioner, and also in granting the other two. The order of the Orphans' Court must be reversed, and the case remanded for further proceedings in accordance with this opinion.

*Reversed and Remanded.*

(Decided November 22, 1894.)