BERTHA I. REESE *vs.* TABITHA L. STARNER ET AL.

*Right of Mother of Illegitimate Child to Inherit His Property*

The mother of an illegitimate child is entitled, under Code, Art. 46, sec. 30, to the same share in the property, both real and personal of such child, dying intestate and without issue, as is the mother of a child born in wedlock who dies intestate and without issue.

The fact that the Act of 1868, ch. 199, providing that the mother shall inherit real and personal property from her illegitimate children in certain contingencies, is placed in the Code under the title, "Inheritances" does not limit its application to real estate.

*Decided April 4th, 1907.*

Appeal from the Orphans' Court of Baltimore City.

The cause was argued before BRISCOE, BOYD, PEARCE, SCHMUCKER, BURKE and ROGERS, JJ.

*Richard Bernard*, for the appellant.

*Benj. F. Crouse*, for the appellee.

BRISCOE, J., delivered the opinion of the Court.

The questions, on this appeal, arise upon the distribution of the personal estate of Robert E. Reese, of Baltimore City.

The facts are undisputed and are submitted, upon an agreed statement of facts.

The Orphans' Court of Baltimore City held that one-half of the estate should be distributed to his widow, the appellant, and the remaining one-half to his mother Tabitha L. Starner, one of the appellees. The widow has appealed.

The decedent died in August, 1905, intestate, leaving a personal estate approximating seven thousand dollars and letters of administration were duly granted to his widow, and Alfred D. Bernard of Baltimore City.

By the agreed statement of facts, it appears, that the intestate was the illegitimate child of Tabitha L. Starner, the appellee ; that the mother of the deceased married after his birth a man by the name of Babylon, by whom she had seven children, now living ; that the deceased left no child, children or descendants, and that the appellant was married to the deceased and is his widow. That there are no other children or descendants of the appellee.

It will be thus seen, that the claimants of the property, in controversy, are his widow, the appellant, who claims the whole of the estate, and his mother, the appellee, who asserts a claim to one-half thereof.

The question presented is a narrow one and we have had no difficulty in reaching a conclusion in regard to it.

The Code, Art. 46, sec. 30, provides where an illegitimate child or children shall die, leaving no descendants or brothers

or sisters or the descendants of such brothers and sisters then and in that case, the mother of such illegitimate child or children if living shall inherit both real and personal estate from such illegitimate child or children ; and if the mother be dead, then and in that case, the heirs at law of the mother shall inherit the real and personal estate of such illegitimate child or children in like manner as if such illegitimate child or children had been born in lawful wedlock.

Whatever then may have been the law of this State, prior to the passage of the Act of 1868, Chapter 199, codified as Art. 46, sec. 30, of the Code of 1888, and the same section and Article of Code 1904, it must be clear that since this Act, the mother of an illegitimate child, dying without descendants, or brothers or sisters or the descendants of such brothers and sisters, can inherit both real and personal estate from such illegitimate child.

The language of the Act heretofore set out, is plain and explicit, and can admit of no dispute.

The difficulty suggested by the appellant, that because the Act of 1868, chapter 199, was codified in the Code of 1888, and the present Code of 1904, under Art. 46, title Inheritances, instead of under Art. 93, of the Code, sub-title Distribution, and employs the word "inherit," the Act does not apply to personal property is entirely without force. The complete answer to the contention here made is the language of the statute itself, "shall inherit both real and personal estate from such illegitimate child." The next objection, is, that the mother of an illegitimate child is not a "parent" within the meaning of the statute, who can take as against the widow, and sec. 119, Art. 93, of the Code, is relied upon to sustain this contention. This section provides; that if the intestate leave a surviving husband or widow, and no child, *parent*, grandchild, brother or sister or the child of a brother or sister of the intestate the surviving husband or widow, as the case may be, shall be entitled to the whole.

The reason urged in support of this proposition is based upon the statement, that at the time of the passage of the Act

of 1798, ch. 101, now sec. 119 of Art. 93, of the Cr 1904, the mother of an illegitimate child could not take or herit property, and that the word "parent," in this section does not mean or include mother.

This objection we do not think is tenable, in the light of the recent legislation in this State, upon this subject.

In the case of *Miller et al.* v. *Stewart et al.*, 8 Gill. 129, decided in 1849, JUDGE FRICK, carefully reviews the *status* of an illegitimate child at common law, and the statutes in force, in this State, at that date. Subsequently, the Act of 1868, ch. 199, was passed, and in 1888 this Act was codified as Art. 46, sec. 30, of the Code of Public General Laws of the State. In *Hawbecker et al.* v. *Hawbecker et al.*, 43 Md. 520, decided in 1876, this Court after reviewing the previous legislation bearing upon the subject, said, And now by the Act of 1868, ch. 199, it is provided, that the mother and her heirs at law shall inherit from her illegitimate children, in case they shall die leaving no descendants or brothers or sisters or the descendants of such brothers and sisters.

The case of *Estep* v. *Mackey*, 52 Md. 599, decided in 1879, also sustains this construction of the Act. But independent of this, the Code of 1888, was adopted in lieu of and as a substitute for all Public General Laws of the State, in force at that date. It, therefore, became the law of the State and superseded all other legislation. *State* v. *Popp*, 45 Md. 433; *McCracken* v. *State*, 71 Md. 150; *The Trustees of College* v. *McKinstry*, 75 Md. 188.

The Act of 1868, ch. 199, is now codified as sec. 30, Art. 46 (Code of 1904), and Act of 1798, ch. 101, is codified, as sec. 119, Art. 93 (Code of 1904).

These sections of the Code must be read and construed together, and the legislative intent is thus made clear, and beyond dispute.

This conclusion disposes of the other objections raised on the record, and for the reasons assigned, we are of the opinion that the Orphans' Court of Baltimore City was entirely right in holding that estate of the intestate should be divided equally between the widow (appellant), and the mother (appellee).

*Order affirmed with costs.*