# WILLIAM H. DILWORTH and MOLLIE DILWORTH, His Wife,

## *vs.*

# JOHN J. DILWORTH et al.

*Illegitimate children: subsequent marriage of parents; acknowledgment by father; capacity to inherit.*

Under Section 29 of Article 46 of the Code, the subsequent marriage of the parents of a child born out of wedlock and the acknowledgment by the father that it is his child make such child legitimate and capable in law to inherit as if born in wedlock. p. 591

*Decided June 24th, 1919.*

Appeal from the Circuit Court for Washington County. (POFFENBERGER, J.)

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, BURKE, THOMAS, URNER and STOCKBRIDGE, JJ.

*Elias B. Hartle* (with *J. E. S. Pryor,* on the brief), for the appellants.

*Albert J. Long* (with *Jesse Q. Snyder,* on the brief), for the appellees.

BRISCOE, J., delivered the opinion of the Court.

This appeal is from a decree of the Circuit Court for Washington County dismissing a bill filed by the appellants for an injunction to restrain certain proceedings for the sale of the real estate of Stephen C. Dilworth, late of Washington County, deceased, and for a decree declaring that the appellant, William H. Dilworth, is the true and lawful owner of the property in question, and that the appellees have no right, title or claim thereto.

The record is a voluminous one, but a large part of the testimony is entirely irrelevant, and not material to a proper consideration of the legal questions presented for our determination.

The contention on the part of the appellant is that he is the only child and heir at law of Stephen C. Dilworth, who died intestate in October, 1913, and that, as such, the property descended and vested in him in fee upon the death of his father in 1913, and that he has been in sole possession of the property, as owner, since that date.

As opposed to this contention, it is urged on the part of the appellees that the decedent died intestate, without lawful children, and that they as brothers and sisters, nephews and nieces of the deceased, are entitled to his property and estate.

The material facts bearing upon the case and disclosed by the record are these:

Stephen C. Dilworth and Margaret Shepherd were married June 19th, 1872. The appellant, William H. Dilworth, was born October 15th, 1865, nearly seven years before their marriage, and consequently born out of lawful wedlock.

The proof shows that both before and after the marriage the father acknowledged the appellant as his child, and he was raised and treated in the family as their legitimate offspring.

The appellant's cliam to inherit from his father and his title to the property is based upon Section 29 of Article 46 of the Code of Public General Laws, and the controlling question here presented is whether the appellant comes within

the terms of the Act. The statute provides, as follows, that if any man shall have a child or children by any woman whom he shall afterwards marry, such child or children, if acknowledged by the man, shall in virtue of such marriage and acknowledgment, be hereby legitimated and capable in law to inherit and transmit inheritance as if born in wedlock.

The main purpose and intent of the statute, as said by this Court in *Hawbecker* v. *Hawbecker,* 43 Md. 516, was to remove the taint and disabilities of bastardy from the unoffending children whenever their parents did marry, without regard to the deepness of guilt on the part of their parents in which they were conceived and born. It was further said in that case the right of inheritance was given upon the principle, that it is unjust to punish the offspring for the crime of the parents. The Legislature has not seen fit to make any exception to its operation. Its terms embrace every case where "any man shall have a child or children by any woman he shall afterward marry." *Miller* v. *Stewart,* 8 Gill, 128; *Brewer* v. *Blougher,* 14 Peter, 178.

The authorities are clear upon the proposition that the subsequent intermarriage of the parents and the acknowledgment by the father of the child born out of wedlock as his child make such child or children legitimate and capable in law to inherit as if born in wedlock.

In *Richardson* v. *Smith,* 80 Md. 97, this Court, in construing Section 29, Article 46 of the Code, *supra,* said if it should appear in evidence that the petitioner was born out of wedlock, it would be necessary for her to prove the subsequent intermarriage of her parents and her acknowledgment by her father as his child. This intermarriage and acknowledgment would establish her legitimacy. *Barnum* v. *Barnum,* 42 Md. 251; *Jackson* v. *Jackson,* 80 Md. 176; *Bowman* v. *Little,* 101 Md. 273.

The policy of the law is to declare children legitimate, and children born before marriage are legitimated under the statute by subsequent marriage and the acknowledgment of the child as his by the father.

The evidence in this case is clear and undisputed of the subsequent marriage, after the birth of the child, and the recognition and acknowledgment by the father. The father died October 13th, 1913, and the mother on the 7th of April, 1912, and from the date of their marriage on June 19th, 1872, there was a continued and uninterrupted recognition and acknowledgment of the appellant as their offspring.

In *Brock* v. *Johnson,* 85 Indiana, 397, the Supreme Court of that State said, it is clear that the acknowledgment by the father made the child his heir apparent and removed from it the stain of illegitimacy. It fixed the status of the child, and that can not be changed by anything the father or mother may do. Having removed the bar, they can not replace it. *Miller* v. *Pennington,* 75 N. E. R. 919; *Binns* v. *Dazey,* 44 N. E. R. 644.

The record of a proceeding under the Bastardy Act, instituted upon the complaint of the mother wherein another man was charged as the father of the child and relied upon by the appellees, can not operate as an estoppel, or be regarded as conclusive evidence, if competent evidence at all, to establish the paternity of the child. *Gee* v. *State* (Ohio), 55 N. E. R. 48; *State* v. *Slavens* (Ohio), 55 N. E. R. 48; *Riker* v. *Hooper,* 35 Vermont, 457.

We have examined the entire record with care and given full force and effect to the evidence set out therein, and are of opinion that the appellant has brought himself within the letter and spirit of the statute, and is entitled and capable in law to inherit and transmit inheritance as if born in wedlock.

It follows, as the Circuit Court for Washington County reached a different conclusion, its decree of the 9th of January, 1919, will be reversed and the cause remanded, to the end that a decree may be passed in accordance with the views expressed herein.

*Decree reversed and cause remanded, with costs to the appellants.*